**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JULIE COSLOW & DANIEL COSLOW,  )
)
    Plaintiffs,  )
)
v.  )   3:11-cv-480-RCJ-VPC
)
)   **ORDER**
INTOHOMES LLC; MILA, INC.; FIRST  )
AMERICAN TITLE; LITTON LOAN  )
SERVICING, LP; QUALITY LOAN SERVICE )
CORP.; LSI TITLE COMPANY; et al.,  )
    Defendants.
_____

    Currently before the Court is Plaintiffs Julie & Daniel Coslow's Motion for Temporary Restraining Order (#5).  For the following reasons, the Court denies the motion for a TRO.

**BACKGROUND**

    On July 7, 2011, Defendant Litton Loan Servicing filed a petition of removal to this Court and attached Plaintiffs' complaint.  (Pet. for Removal (#1)).  The complaint alleged eight causes of action, including: (1) fraud in the inducement; (2) violation of NRS § 107.080 because Defendants were not the true owners/investors of the beneficial interest in the deed of trust; (3) conspiracy to violate NRS § 107.080 because Defendants conspired to be falsely designated as a substitute trustee, beneficiary, or trustee; (4) contractual breach of the covenant of good faith and fair dealing or interference in contractual relations; (5) unjust enrichment; (6) slander of title; (7) abuse of process; and (8) laches. (Compl. (#1-1) at 13-30).

    The exhibits attached to the complaint demonstrate the following. Plaintiffs executed a note secured by a deed of trust on a piece of property located at 165 East 5th Avenue, Sun Valley, Nevada, 89433, which was recorded in Washoe County on December 2, 2005.  (Deed

of Trust (#1-1) at 39, 41). The mortgage dated November 28, 2005, was for $145,000. (*Id.* at 40). The lender on the deed of trust was MILA, Inc. (*Id.* at 39). The trustee on the deed of trust was First American Title. (*Id.* at 40). The Mortgage Electronic Registration Systems, Inc. ("MERS") was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[2] under the security instrument. (*Id.*).

On February 1, 2009, Plaintiffs defaulted on their mortgage payments for an unspecified amount. (*See* Notice of Default (#1-2) at 2). On May 13, 2009, Quality Loan Service Corp. filed a notice of default and election to sell with the Washoe County Recorder's Office. (*Id.*). On May 26, 2011, Quality Loan Service Corp. recorded a notice of trustee's sale with the Washoe County Recorder's office. (Notice of Trustee's Sale (#1-2) at 61). The trustee's sale was scheduled for June 23, 2011, at 11:00 a.m. (*Id.*).

On June 23, 2011, a state court judge granted Plaintiffs' ex parte motion for a TRO pending a preliminary injunction hearing scheduled for July 11, 2011. (State Court Order (#1-2) at 63). The order restrained Defendants Litton Loan Servicing, LP and Quality Loan Service from: (1) taking possession of, transferring interest in Plaintiffs' home, or evicting Plaintiffs from their home; and (2) issuing or causing the issuance of further notices of trustee sales to proceed with foreclosure. (*Id.*).

Plaintiff fails to allege whether the property at issue had been sold at the trustee's sale before receiving a TRO from the state court. Defendant Litton Loan Servicing LP's response to the current motion for TRO states that Plaintiffs did receive a TRO from the state court, but only after the foreclosure sale had taken place. (Opp'n to Mot. for TRO (#13) at 1 n.1).

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 65(b), a court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

---

[2] Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of trust. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

  (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)-(2).

## DISCUSSION

In the motion for TRO, Plaintiffs argue that the notice of default was defective and did not comply with NRS § 107.080 because the wrong entity initiated foreclosure proceedings and the notice of default did not "expressly contain the arrearage on the note necessary to bring the payments current." (*See* Mot. for TRO (#5) at 2).

In this case, Plaintiffs incorrectly argue that the notice of default was defective because it did not expressly contain the arrearage on the note. Nevada Revised Statute § 107.080 provides that the notice of default and election to sell must "[d]escribe the deficiency in performance <u>or</u> payment and may contain a notice of intent to declare the entire unpaid balance due if acceleration is permitted by the obligation secured by the deed of trust." NRS § 107.080(3)(a). The notice of default in this case described the deficiency in performance, i.e. "[t]he installments of principal and interest which became due on 2/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, . . . ." (*See* Notice of Default (#1-2) at 2).

However, based on the documents presented to the Court at this time, it does appear that the wrong entity initiated foreclosure proceedings. Quality Loan Service Corp. was not the original trustee and does not appear to be the substituted trustee. *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, * 2 (D. Nev. 2009) (finding that, as long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the Nevada foreclosure). Nevertheless, Plaintiffs fail to demonstrate immediate and irreparable injury at this time because the foreclosure sale has already taken place and there is nothing in the record to demonstrate that eviction proceedings have began. As such, the Court denies Plaintiffs' motion for a temporary restraining order (#3).

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for a Temporary Restraining Order (#5) is DENIED.

DATED: This 15th day of July, 2011.

_____
United States District Judge