1
2
3
4
5
6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8   JULIE COSLOW and DANIEL COSLOW,      )
                                         )
9              Plaintiffs,               )
                                         )
10          v.                           )        3:11-cv-480-RCJ-VPC
                                         )
11                                       )        **ORDER**
    INTOHOMES LLC; MILA, INC.; FIRST     )
12  AMERICAN TITLE; LITTON LOAN          )
    SERVICING LP; QUALITY LOAN SERVICE   )
13  CORP.; LSI TITLE COMPANY; and DOES 1 )
    through 10 and Corporations A-Z,     )
14                                       )
               Defendants.               )
15
    _____
16
         Currently before the Court are a Motion for Preliminary Injunction (#3) and a Motion to

17
    Dismiss (#16).  The Court heard oral argument on November 28, 2011.

18
                                     **BACKGROUND**

19
    **I.     Facts**

20
         Plaintiffs Julie and Daniel Coslow ("Plaintiffs") executed a note secured by a deed of

21
    trust on a piece of property located at 165 East 5th Avenue, Sun Valley, Nevada, 89433, which

22
    was recorded in Washoe County on December 2, 2005.  (Deed of Trust (#1-1) at 39, 41).  The

23
    mortgage, dated November 28, 2005, was for $145,000.  (*Id.* at 40).  The lender on the deed

24
    of trust was MILA Inc.  (*Id.* at 39).  The trustee on the deed of trust was First American Title.

25
    (*Id.* at 40).  The Mortgage Electronic Registration System, Inc. ("MERS") was named as "a

26
    nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary[1]

27

28
    _____

         [1]  Despite the wording of the deed of trust, MERS is not a beneficiary to the deed of
    trust.  *See Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650 at *2 (D. Nev. 2009).

1   under the security instrument.  (*Id.*).

2        On May 22, 2007, MERS, as nominee for MILA Inc., executed an assignment of the

3   deed of trust and granted, assigned, and transferred all beneficial interest in the deed of trust

4   to LaSalle Bank National Association.  (Assignment of Deed of Trust (#17-2) at 2).   On

5   October 12, 2007, La Salle Bank National Association executed a substitution of trustee and

6   replaced Quality Loan Service Corp. as the trustee for First American Title.  (Substitution of

7   Trustee (#17-3) at 2).

8        On February 1, 2009, Plaintiffs defaulted on their mortgage payments for an unspecified

9   amount.  (*See* Notice of Default (#1-2) at 2).   On May 13, 2009, Norma Gonzalez, an

10  employee of LSI Title Company, as agent for Quality Loan Service Corp., executed and filed

11  a notice of default and election to sell with the Washoe County Recorder's office.  (Notice of

12  Default (#1-2) at 2, 4-5).  On May 26, 2011, Quality Loan Service Corp. recorded a notice of

13  trustee's sale with the Washoe County Recorder's office.  (Notice of Trustee's Sale (#3-5) at

14  3-4).  On June 30, 2011,  Quality Loan Service Corp. filed a trustee's deed upon sale with the

15  Washoe County Recorder's office which stated that the property had been sold to Bank of

16  America, National Association as successor by merger to LaSalle Bank National Association

17  for $50,000.  (Trustee's Deed Upon Sale (#22-1) at 49).

18  **II.    Complaint**

19       In July 2011, Defendant Litton Loan Servicing filed a petition of removal to this Court

20  and attached Plaintiffs' complaint.  (Pet. for Removal (#1)).  In June 2011, Plaintiffs sued

21  Intohomes LLC; MILA Inc.; First American Title; Litton Loan Servicing LP; Quality Loan Service

22  Corp.; LSI Title Company; and Norma Gonzalez (collectively "Defendants").  (Compl. (#1-1)

23  at 2).  The complaint alleged eight causes of action, including: (1) fraud in the inducement

24  because the terms of the loan at signing were different from what an employee of Intohomes

25  said they would be; (2) violation of NRS § 107.080; (3) conspiracy to violate NRS § 107.080

26  because Defendants conspired to be falsely designated as a substitute trustee, beneficiary,

27  or trustee; (4) contractual breach of the covenant of good faith and fair dealing or interference

28  in contractual relations for initiating foreclosure proceedings; (5) unjust enrichment; (6) slander

of title; (7) abuse of process; and (8) laches.  (Compl. (#1-1) at 13-30).  Plaintiffs sought declaratory relief, reformation, and quiet title.  (*Id.* at 31-32).

**LEGAL STANDARD**

**I.      Fed. R. Civ. P. 65(a)**

Federal Rule of Civil Procedure 65(a) allows a court to issue a preliminary injunction on notice to an adverse party.  The Ninth Circuit employs two sets of criteria for evaluating a request for preliminary injunctive relief.  Under the "traditional test," the movant must establish: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)."  *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir.2005) (citation omitted).  As to the second element, the Supreme Court recently clarified that a plaintiff seeking an injunction must demonstrate that irreparable harm is likely, not just possible.  *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 375-76,172 L.Ed.2d 249 (2008).  Under the "alternative test," the plaintiff can meet its burden by showing "either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." *Beardslee*, 395 F.3d at 1067 (citation and internal quotation marks omitted).  "These two alternatives represent 'extremes of a single continuum,' rather than two separate tests."  *Id*. (citations omitted).

**II.     Fed. R. Civ. P. 12(b)(6)**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  Such allegations must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss.  However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions.  *Id.*; *see Durning v. First*

1      *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

2            The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a

3 claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th

4 Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant

5 is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,

6 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does

7 not need detailed factual allegations; rather, it must plead "enough facts to state a claim to

8 relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022

9 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

10 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173

11 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual

12 content that allows the court to draw the reasonable inference that the defendant is liable for

13 the misconduct alleged"). Even though a complaint does not need "detailed factual

14 allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be

15 enough to raise a right to relief above the speculative level . . . on the assumption that all the

16 allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127

17 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the

18 elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor

19 does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

20 enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

21            If the court grants a motion to dismiss a complaint, it must then decide whether to grant

22 leave to amend. The court should "freely give" leave to amend when there is no "undue delay,

23 bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party

24 by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2);

25 *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally,

26 leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be

27 cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir.

28 1992).

1

**DISCUSSION**

2

**I.     Motion to Dismiss (#16)**[2]

3

      Litton Loan Servicing files a motion to dismiss the complaint for failure to state a claim.

4

(Mot. to Dismiss (#16)).  Plaintiffs filed a response and Litton Loan Servicing filed a reply.

5

(Opp'n to Mot. to Dismiss (#26); Reply to Mot. to Dismiss (#28).

6

      In this case, the statute of limitations bars Plaintiffs' claim for fraud in the inducement

7

because there is a three-year statute of limitations period for fraud.  *See* Nev. Rev. Stat. §

8

11.190(3)(d).  Plaintiffs discovered that the terms of the loan were different from what the

9

Intohomes employee had stated in 2005 and discovered that they could not refinance their

10

loan, as promised, at a later date in 2007.  (*See* Compl. (#1-1) at 15).  Because Plaintiffs did

11

not file their complaint until June 2011, their fraud claim is barred by the statute of limitations.

12

(*See* Compl. (#1-1) at 2).  Thus, the Court dismisses the first cause of action without leave to

13

amend.

14

      The Court dismisses the second cause of action for violations of NRS § 107.080 without

15

leave to amend.  The record demonstrates that Quality Loan Service Corp. had been properly

16

substituted as a trustee prior to the execution of the notice of default.  (*See* Substitution of

17

Trustee (#17-3) at 2).

18

      The Court dismisses the third (conspiracy to violate NRS § 107.080); fourth (breach of

19

the covenant of good faith and fair dealing); sixth (slander of title); and seventh (abuse of

20

process) causes of action without leave to amend because Plaintiffs did default on their

21

mortgage payments.  As such, Defendants were entitled to initiate foreclosure proceedings.

22

The Court dismisses the fifth cause of action for unjust enrichment without leave to amend

23

because the loan documents constitute an express written contract.  *See Leasepartners Corp.*

24

_____

25

   [2] As an initial matter, Litton Loan Servicing argues that Plaintiffs should not be able to
file the present lawsuit because they are the plaintiffs in an identical lawsuit, *Goodwin v. Exec.*

26

*Trustees Serv.*, case no. 3:09-cv-306-ECR-PAL.  The docket sheet demonstrates that Julie
and Daniel Coslow voluntarily dismissed all claims against the *Goodwin* defendants, without

27

prejudice, on the same day that they filed the present lawsuit.  (Notice of Dismissal (*Goodwin*
#548)).

28

   Quality Loan Service Corp., LSI Title Company, and Norma Gonzalez filed a joinder to
the motion to dismiss.  (Joinder (#18)).

1  *v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997) (holding that an action based on a

2  theory of unjust enrichment is not available when there is an express, written contract,

3  because no agreement can be implied when there is an express agreement).   The Court

4  dismisses the eighth cause of action for laches without leave to amend because laches is an

5  equitable defense and not a cause of action.  *See Jarrow Formulas, Inc. v. Nutrition Now, Inc.*,

6  304 F.3d 829, 835-36 (9th Cir. 2002).

7          Accordingly, the Court grants the motion to dismiss (#16) all claims without leave to

8  amend.  The Court also grants Quality Loan Service Corp., LSI Title Company, and Norma

9  Gonzalez's joinder to the motion to dismiss (#18).  The Court also *sua sponte* dismisses the

10  remaining defendants from this case.

11  **II.      Motion for Preliminary Injunction (#3)**

12          Plaintiffs argue that the Court should issue a preliminary injunction because they will

13  suffer irreparable harm because Defendants will be able to evict them.  (Mot. for Preliminary

14  Injunction (#3) at 9).  In response, Litton Loan Servicing asserts that it is "undisputed that

15  eviction proceedings are not pending" against Plaintiffs.   (Opp'n to Mot. for Preliminary

16  Injunction (#22) at 2).

17          The Court denies the motion for preliminary injunction (#3) because Plaintiffs cannot

18  demonstrate a likelihood of success on the merits.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Motion for Preliminary Injunction (#3) is DENIED.

IT IS FURTHER ORDERED that Litton Loan Servicing LP's Motion to Dismiss (#16) is GRANTED in its entirety without leave to amend.

IT IS FURTHER ORDERED that Quality Loan Service Corp., LSI Title Company, and Norma Gonzalez's joinder to the motion to dismiss (#18) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that the Court *sua sponte* dismisses all remaining defendants from this case without leave to amend.

The Clerk of the Court shall enter judgment accordingly.

Dated this 9th day of December, 2011.

_____
United States District Judge